UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23601-ALTMAN/Sanchez

**ZUMA PRESS, INC.**,

 *Plaintiff*,

v.

**ALIVIA, LLC**,

 *Defendant*.

_____/

**<u>ORDER GRANTING MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT</u>**

Our Plaintiff, Zuma Press, Inc., has filed a Motion for Entry of Default Final Judgment [ECF No. 20] against our Defendant, Alivia, LLC. On January 12, 2024, the Clerk entered default against the Defendant, *see* Clerk's Entry of Default [ECF No. 15], and our review of the record indicates that the Defendant has indeed failed to appear, answer, or otherwise respond to the Plaintiff's Complaint [ECF No. 1]. *See generally* Docket. Accordingly, after careful review, we now **GRANT** the Motion for Entry of Default Final Judgment.

**FACTUAL AND PROCEDURAL HISTORY**

The Plaintiff is a California corporation, and the Defendant is a Florida limited liability company, "which owns and operates a website at domain www.echaeleunojo.com" (the "Website"). Complaint ¶¶ 3, 5, 6. On February 10, 2020, the Plaintiff "published" a "photograph of actor Jim Carrey." *Id.* ¶¶ 11, 13. Shortly thereafter, the "photograph was registered by the [United States Copyright Office] under Registration No. VA 2-198-136." *Id.* ¶ 13; *see also* Copyright Registration [ECF No. 20-6]. Fast forward to "on or about December 15, 2022," and the Defendant "displayed the Photograph on [its] Website as part of an on-line story." Complaint ¶ 21. The Plaintiff "notified the Defendant of the Infringement to no avail" on July 19, 2023; August 3, 2023; and August 23, 2023. *Id.* ¶ 25–27. Based on these facts, the Plaintiff alleges that the Defendant, "without permission or

authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website without license and/or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws." *Id.* ¶ 4.

The Plaintiff sued the Defendant on September 20, 2023, asserting one count of "Direct Copyright Infringement" under 17 U.S.C. § 501, *et seq. Id.* ¶¶ 46–55. After the Plaintiff was unable to serve the Defendant (despite multiple attempts), we granted the Plaintiff's Motion for an Order Authorizing Alternate Service of Process [ECF No. 8]. *See* Order Authorizing Alternative Service of Process [ECF No. 9]. The Plaintiff complied with our order and served the Defendant by email and the U.S. Postal Service, *see* Certificates of Service [ECF Nos. 10 and 11], but the Defendant still failed to respond to the Complaint, ask for an extension of time, or appear on the docket. *See generally* Docket. The Plaintiff therefore filed a Motion for Clerk's Entry of Default [ECF No. 14], which the Clerk granted. *See* Clerk's Entry of Default. The Plaintiff then filed the present Motion for Entry of Default Final Judgment, which we adjudicate here.

## THE LAW

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing FED. R. CIV. P. 55(b)(2)). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also Buchanan v. Bowman*,

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions of the "old Fifth" Circuit handed down prior to close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). "[A] default final judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)).

## ANALYSIS

Before delving into the Motion for Entry of Default Final Judgment itself, we must quickly verify that we have subject-matter jurisdiction over this case, that we can exercise personal jurisdiction over the Defendant, and that venue is proper in our District. We have federal-question jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts its only claim under the Copyright Act, 17 U.S.C. § 501. *See* Complaint ¶¶ 46–55. We also have "general personal jurisdiction" over the Defendant because it's "a citizen of [Florida]." *Klayman v. Cable News Net.*, 2023 WL 2027843, at *2 (11th Cir. Feb. 16, 2023); *see also* Complaint ¶ 6 ("Upon information and belief, Defendant . . . is a Florida limited liability company with a principal place of business at 19400 Turnberry Way, Aventura in Miami-Dade County, Florida."). Finally, venue is proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Florida. 28 U.S.C. § 1391(b)(2).

### I. Copyright Infringement

The Complaint sufficiently pleads direct copyright infringement, in violation of 17 U.S.C. § 501, *et seq.* "To establish infringement, two elements must be proven: (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (same). Our Plaintiff has established infringement because it has shown that (1) it owns the rights to the image, *see* Certificate of Registration [ECF No. 20-6], and (2) that the Defendant, without authorization, copied and displayed the copyrighted work on its website, *see* Complaint ¶ 23 ("Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on its Website.").

The Plaintiff also asserts that this infringement was "willful." *Id.* ¶ 51 ("Defendant's reproduction of the Photograph and display of the photograph constitutes willful copyright infringement."); *see also id.* ¶ 35 ("Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of the Defendant."). For infringement to be willful, the defendant must "know[ ] his actions constitute an infringement; the actions need not have been malicious." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015). "Where the plaintiff proves that the defendant recklessly disregarded the possibility that its conduct represented infringement, the plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement." *August Image, LLC v. Auge Internacionale Media, LLC*, 2022 WL 20834406, at *3 (S.D. Fla. Nov. 16, 2022) (Altonaga, C.J.) (cleaned up). Moreover, "a willful infringement may be inferred from the defendant's default." *Ibid.* (quoting *Tabak v. Lifedaily, LLC*, 2021 WL 5235203, at *4 (S.D.N.Y. Nov. 9, 2021) (collecting cases)). "When awarding increased damages in the context of section 504(c)(2), 'deterrence of future violations is a legitimate consideration' because 'defendants

must not be able to sneer in the face of copyright owners and copyright laws.'" *Ibid.* (quoting *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (cleaned up)).

We find that the Defendant's infringement was willful. Just as in *August Image*, the "Plaintiff took the extra step of notifying Defendant of its infringement pre-lawsuit." *August Image*, 2022 WL 20834406, at *3; *see also* Complaint ¶¶ 25–27. Likewise, the Defendant "ignored Plaintiff's attempts to communicate directly and subsequently ignored counsel's e-mail [and USPS] mail[.]" *August Image*, 2022 WL 20834406, at *3; *see also* Complaint ¶¶ 25–27; Motion ¶ 15. "Defendant's refusal to pay a reasonable licensing fee and refusal to respond to multiple infringement notices demonstrate that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed Plaintiff's exclusive copyrights in the Work." *August Image*, 2022 WL 20834406, at *3.

## II.     Copyright Damages

Under § 504(c)(1), "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which one infringer is liable individually, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). And under § 504(c)(2), "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Statutory damages for copyright violations are designed to give the owner of a copyright some recompense for injury done to him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Harrington v. Latin Travel Direct, LLC*, 2019 WL 13436531, at *2 (S.D. Fla. July 26, 2019) (Scola, J.). "[O]nce a timely election is made to receive statutory damages all questions regarding actual and other damages are rendered moot." *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997). "The courts have wide discretion in awarding damages

within the statutory range provided in § 504(c)[.]" *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260–61 (11th Cir. 2014). "Statutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017) (Duffey, J.) (cleaned up).

Here, "Plaintiff is seeking statutory damages five (5) times the licensing fee [$2,515.00], for a total of $12,575.00." Motion ¶ 12. According to the Plaintiff, a $2,515.00 licensing fee for the infringement is appropriate because Getty Images had previously sold licensing fees for a similar photograph of Jim Carrey image for at that price. *See* Julie Mason Decl. [ECF No. 20-5] ¶¶ 13–14; *see also* Getty Images Document [ECF No. 20-7]. Furthermore, continues the Plaintiff, "an award of five (5) times the licensing fee for the photograph is appropriate because the amount is within the statutory guidelines of § 504(c)(1) and necessary to punish Defendant . . . . Additionally, Defendant posted this photograph on its public commercial website, where other people were able to view and copy it, which greatly decreases Plaintiff's ability to license the image." *Id.* at 12.

We agree with the Plaintiff's recommendation. Ascertaining a reasonable licensing fee for the image and then multiplying that number by five is an appropriate (and well-accepted) method for determining statutory damages. *See, e.g.*, *August Image*, 2022 WL 20834406, at *4 ("Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award three to five times actual damages to properly account for statutory damages."); *Reiffer v. Legendary Journeys, Inc.*, 2019 WL 2029973, at *4 (M.D. Fla. April 10, 2019) (Sansone, Mag. J.) (recommending a five-times multiplier) *report and recommendation adopted*, 2019 WL 2029829 (May 02, 2019) (Scriven, J.); *Broad. Music, Inc. v. Prana Hosp'y, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."). Based on the evidence

the Plaintiff has submitted, $2,515 is a realistic licensing fee for the image in question here. Nor do we think that $12,575.00 would constitute an unjustifiable windfall for the Plaintiff. Instead, $12,575.00 is a sufficiently significant award to further the aims of our federal Copyright Law, compensate the Plaintiff, and deter future infringements by this Defendant (and others). We therefore award the Plaintiff **$12,575.00 in statutory damages**.

### III.   Attorneys' Fees

We next consider the Plaintiff's request for attorneys' fees. *See* Motion at 13-14. "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided, the court may also award a reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505. In awarding attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163–64 (11th Cir. 2008) (cleaned up). "[T]he lodestar amount embodies a presumptively reasonable fee." *Yellow Pages Photos*, 846 F.3d at 1164. But "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district judge to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434. "The district court awards § 505 attorney's fees 'as a matter of the court's discretion.'" *InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014) (quoting *Fogerty v. Fantasy, Inc.*, 510, U.S. 517, 534 (1994)). "[I]n determining whether to award attorney's fees under § 505, the district court should consider . . . whether imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999). An award of attorneys' fees will further the goals of the Copyright Act when it "encourage[es] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but

7

also to ensure that the boundaries of copyright law are demarcated as clearly as possible." *InDyne*, 587 F. App'x at 554 (quoting *MiTek*, 198 F.3d at 842–43). In assessing a plaintiff's request for fees, we "consider factors such as 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Ibid.* (quoting *Fogerty*, 510 U.S. at 534 n.19). Courts in our Circuit regularly award attorneys' fees under § 505 on a default judgment. *See, e.g.*, *Harrington v. Mari*, 2023 WL 4707163, at *5–6 (S.D. Fla. June 29, 2023) (Valle, Mag. J.), *report and recommendation adopted*, 2023 WL 4703937 (S.D. Fla. Jul. 24, 2023) (Williams, J.) (noting that "courts regularly award attorney's fees and costs upon default judgment in copyright infringement cases" and awarding $3,604.15 in fees); *Broad. Music Inc. v. Taste & Spirit, LLC*, 2023 WL 3353044, at *5 (M.D. Fla. Apr. 21, 2023) (Flynn, Mag. J.), *report and recommendation adopted*, 2023 WL 3339065 (M.D. Fla. May 10, 2023) (Covington, J.) (awarding $3,000 in attorneys' fees in a copyright-infringement default judgment).

After careful review, we find that the Plaintiff is entitled to reasonable attorneys' fees as the prevailing party in this case. The three Plaintiff's attorneys—Craig Sanders (partner), Jaymie Sabilia-Heffert (associate), and Joshua Vera (associate)—bill at rates of $700, $450, and $250 per hour, respectively. *See* Sanders Decl. [ECF No. 20-1] ¶¶ 4–6. And the two paralegals—Laura Costigan and Ryan Feldman—each bill $125 per hour. *See* Time Billing Records [ECF No. 20-3]. These rates are well within the hourly range for similarly experienced attorneys in copyright-infringement matters. *See generally* American Intellectual Property Law Association 2021 Survey [ECF No. 20-2]. Because Sanders billed 0.9 hours ($630 total), Sabilia-Heffert billed 14.2 hours ($6,390), Vera billed 0.5 hours ($125), and the paralegals billed 3.5 hours ($437.50), the total attorneys' fees amount to $7,582.50. *See* Time Billing Records at 4. This is a reasonable lodestar for this type of litigation. *See, e.g.*, *Viral DRM, LLC v. EVTV Miami, Inc.*, 2024 WL 728095, at *4 (S.D. Fla. Feb. 22, 2024) (Altman, J.) (awarding $7,007.50 in attorneys' fees for a similar copyright-prosecution default judgment); *Affordable Aerial*

*Photography, Inc. v. Aaron Chandler Constr., Inc.*, 2021 WL 2430999, at *6 (S.D. Fla. Mar. 23, 2021) (Middlebrooks, J.) (same, but awarding $5,260.00 in attorneys' fees); *Harrington*, 2019 WL 13436531, at *3 ($5,209.15 in attorneys' fees). We therefore award the Plaintiff **$7,582.50 in attorneys' fees**.

### IV. Costs

We finally consider the Plaintiff's request for costs. FED. R. CIV. P. 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop. Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (cleaned up). "A judge or clerk of any court of the United States may tax as costs the following: (1) [f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). And this Circuit has held that "private process server fees may be taxed pursuant to [28 U.S.C. §§ 1920–21]." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Here, the Plaintiff is seeking reimbursement for our $402 filing fee and the $77.25 it paid in private process-server fees (for a total of $479.25). *See* Sanders Decl. ¶ 9; *see also* Process Server Invoice [ECF No. 20-4]. We grant this request and award the Plaintiff **$479.25 in costs**.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Entry of Default Final Judgment [ECF No. 20] is **GRANTED**.
2. The Defendant is **ENJOINED** from continuing to store or display the Plaintiff's copyrighted image under 17 U.S.C. § 502(a).
3. The Plaintiff is entitled to judgment against the Defendant in the amount of **$12,575.00** under 17 U.S.C. § 504(c).

4. The Plaintiff is entitled to recover reasonable attorneys' fees and costs in the amount of **$8,061.75** under 17 U.S.C. § 505 and FED. R. CIV. P 54(d).

5. This case remains **CLOSED**. Any pending deadlines and hearings remain **TERMINATED**, and any pending motions remain **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on March 26, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record